EDWARD S. ATWATER, JR., as receiver, &c.,

*v.*

MARWOOD R. BASKERVILLE et al.

[Decided October 15th, 1918.]

On bill.   On order to show cause.   Supplemental opinion.

*Mr. Foster M. Voorhees,* for the motion.

*Mr. Clarke McK. Whittemore* and *Mr. Abram S. Cornish,* contra.

LANE, V. C.

Since filing the opinion in this case my attention has been called to the case of *John Agnew Co.* v. *Board of Education of the City of Paterson et al., 83 N. J. Eq. 49.* Vice-Chancellor Stevenson there said: "A foreign corporation, under the principle of comity, comes into New Jersey to do business and makes large contracts for the construction of buildings in New Jersey, in which business it acquires property in New Jersey, and also contracts debts. It would be a most extraordinary result, indeed, if when this foreign corporation becomes insolvent it could still transfer its New Jersey assets acquired in its New Jersey business so as to make preferences among its New Jersey creditors, necessarily disadvantageous to some of them, in defiance of the law which prevents New Jersey corporations from doing this thing. Our statute expressly provides that 'foreign corporations doing business in this state shall be subject to the provisions of this act, so far as the same can be applied to foreign corporations.' Section 96. There is not the slightest difficulty in applying the prohibition upon preferences contained in section 64 of the Corporation act to a foreign corporation and its assets,

of the character and in the situation presented in this case. If the Glen company had not been put in bankruptcy, *the statutory action;.based on insolvency,* &c., provided for in section 65 of our statute, *might have been brought* and the receiver appointed in such an action would have taken possession of all the New Jersey assets, including the right to collect this money from the city of Paterson, and would have administered the same precisely as they would have been administered in case the corporation had been created under our New Jersey statute." (Italics mine.)

The case was unanimously affirmed by the court of errors and appeals (*83 N. J. Eq. 339*), for the reasons stated by Vice-Chancellor Stevenson.

The language used by the vice-chancellor must have been present in the minds of the court of errors and appeals, for the appeal was on the claim of the First National Bank of the Town of Union, and the remarks made by the vice-chancellor were apposite to the disposition of that claim.

This case is in direct conflict with the construction sought to be put on *McDermott* v. *Woodhouse, 87 N. J. Eq. 615*, by counsel for the respondents.

My attention has also been called to the case of *Boeh'me* v. *Rall, 51 N. J. Eq. 541.* In that case it appeared that extensive litigation was conducted by a receiver appointed for a foreign corporation under the statute upon the ground of insolvency, and it never seems to have occurred either to Vice-Chancellor Green or to counsel involved in the case that there was any doubt of the power of the court of chancery to appoint such a receiver.